### BUTMAN, PLAINTIFF IN ERROR, *v.* ABBOT.

Referees need not join in an action brought to recover compensation for their services. *Semble.*

An action by a referee to recover compensation for his services cannot be maintained against the parties to the submission *jointly*, but must be brought against the person or persons making the demand.

If two be sued on a joint promise, and one alone appears, the general issue should be that *he and the other defendant* did not promise, &c.

But if the defendant in such case plead that *he* alone did not promise, upon which issue is taken, and it be found for the plaintiff;—whether the *defendant* can reverse the judgment for this error,—*quære.*

Upon a writ of error brought to reverse a judgment of the Common Pleas in *assumpsit,* the case was thus :—

One *John Smith,* a citizen of *Massachusetts,* having a demand against *Butman,* the plaintiff in error, resident in this county, they referred that and all other demands between them to the arbitration of three men of whom *Abbot* the defendant in error was one, and entered into a rule of submission before a justice, pursuant to the statute. The referees having heard the parties, made their award in writing in favour of *Smith* for a sum in damages with costs of reference, and returned it to the next Court of Common Pleas, where it was set aside because it appeared upon the face of the rule that the party making the demand was not an inhabitant of the county in which the justice, before whom it was entered into, resided.

*Abbot,* one of the referees, then brought an action of general *indebitatus assumpsit,* for his services as a referee, against *Butman* and *Smith,* and the latter not being found, and having no domicil or agent in this State, the plaintiff proceeded and obtained judgment upon the issue of *non assumpsit,* against *Butman* alone.

The errors assigned upon this record were,—1. that the action was commenced by one referee alone, whereas the under-

taking, if any, was made jointly with all the referees.—2. That the action was brought against *Butman* and *Smith* jointly, when in fact it lay only against *Smith* alone, he being the party plaintiff in the original demand, and in whose favour the award was made, by which he was made liable to pay *to Smith* the costs of reference, including the sum now demanded.—3. That the consideration of the promise declared on in this action, if any originally existed, had wholly failed, the award being set aside as a mere nullity.—4. That the declaration did not disclose sufficient matter for the foundation of the judgment.—5. The general error. The defendant pleaded *in nullo est erratum.*

*Wilson,* for the plaintiff in error.

*Brown,* for the defendant in error.

Mellen C. J. delivered the opinion of the Court.

On looking into the record in this case we observed an irregularity in the pleadings. In the original action *Abbot* declared on a promise alleged to have been made by *Butman and Smith jointly ;*—and though the writ was served on *Butman* alone, yet in his plea of the general issue he should have met the declaration, and traversed the promise alleged. He should have pleaded that *he and the said Smith* did not promise in manner and form as the plaintiff had declared against them. This would have put in issue the promise set forth. Instead of which *Butman* pleaded that *he* did not promise the plaintiff in manner and form as he had alleged. The jury found that *he* did promise ;—but no joint promise is found by the verdict or confessed on the record ; and it is certainly questionable whether the facts of the case, in this respect, would authorize a judgment in favour of the original plaintiff. The plea is very clearly bad, and might have been demurred to ; but as issue was taken on it, and as the fault was on the part of the plaintiff in error, it may also be a question whether he shall take advantage of it. But we give no opinion on this point, but proceed to consider some of the errors assigned.

The *third* and *fourth* errors we do not view as well founded, or as requiring a particular consideration.

Butman *v.* Abbot.

Nor do we mean to give any express decision of the *first* error assigned; though we are inclined to think that the action was rightly commenced by *Abbot* alone. The act of the referees was not such as to render them joint creditors who must sue jointly for their compensation. The compensation of one may be, and often is, much greater than that of another; and there seems to be no principle which should compel them all to join, and thus to empower one to receive the fees of all; and to give an effectual discharge. But we leave this for further consideration.

The *second* error we consider as fatal. It is presented by the exceptions filed to the opinion of the Court, that on the facts proved by the plaintiff, the action was maintainable against *Smith* and *Butman jointly.* It is to be noticed that *Smith* was the party making the demand before the referees. In judicial proceedings the plaintiff is always bound to make the advances of fees to officers, and the jury fees;—he is the *actor*—demanding property of the defendant. In the case of a submission of a demand to referees, like the case before us, the demandant is to make out his claim and sign it, and lodge it with some justice of the peace for the county in which he lives, who is to make out the agreement of submission which is to be signed and acknowledged by the parties. This is an arrangement in place of a suit at law. Each party consents to this special jurisdiction;—but still the demandant must advance in support and proof of his demand. The defendant denies the justice of the claim made upon him. If therefore the referees were to call for their compensation when about to commence the business of their commission, they would naturally make the call upon the demandant, who feels an interest in the prosecution of his cause, and by whose act the proceedings had been originated. And if they do not then make this call on the demandant, they must be considered as consenting to *give him a credit* for the amount of their compensation. When they have made a report, if in favour of the demandant, they have that additional security which arises from their right to withhold the report until the compensation shall have been paid. This right may also be of no small importance if the report should be in favour of the defendant, because, if it were offered to him by the re-

ferees on payment of their compensation, he would at once feel a strong inducement to obtain possession of it on those terms. So that in almost all cases, on either supposition, the compensation would be, and generally has been readily obtained. In some instances this may not be the fact; as where neither party will accept the report and pay the fees, calculating upon a loss if he should do it.

If an action in any case become necessary on the part of a referee to obtain payment for his services, we think it cannot be maintained against the parties to the submission *jointly,* but must be brought against the person or persons making the demand. We have formed this opinion both from the manner in which proceedings of this description are usually conducted, and from a consideration of the inconveniences and perhaps injustice which would be the consequence of adopting any other principle. For instance, why should *Butman* be compelled to pay all or any part of the referees' compensation in the present case ? Their report has been set aside, and for an error on the part of *Smith,* or the justice who made out the agreement. In this particular, *Butman* has been in no fault.

The referees, when they make up and sign their report, always know whether their fees have been paid or not. If they award in any case in favour of the party making the demand, they will tax their compensation as a part of the costs against the defendant, whether it has been paid to them by the demandant or not;—and if he has already paid it to them, they must so certify in their report. If they award in favour of the defendant, *and he has paid them their fees,* they should be charged in the report, against the demandant, as part of the costs in the case. But *if he has not paid them,* and they rely on the demandant to whom they gave the credit, of course they will not, in their report, charge the demandant with the amount of their compensation, but leave him liable to *their* several actions, for their respective proportions. In this manner neither party can be in danger of being twice charged. However, if referees withhold their report, for the purpose of obtaining their own fees *from the prevailing party,* in almost every case no suit will be necessary.

Our opinion in the present case is that for the *second* error the judgment must be reversed.